Trey Crawford – SBN 24059623
Michael J. Lang -SBN 24036944
Alexandra Ohlinger - SBN 24091423
Gracen Moreno - SBN 24116248
David M. Akere - SBN 24126294
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Fascimile: (214) 602-6551
tcrawford@cwl.law
mlang@cwl.law
aohlinger@cwl.law
gmoreno@cwl.law
dakere@cwl.law

***Counsel for Banzai Advisory Group, LLC and Toby Neugebauer***

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**WITH PURPOSE, INC.,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 23-30246-mvl-7**<br><br>**Chapter 7** |
| **SCOTT M. SEIDEL, TRUSTEE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**BANZAI ADVISORY GROUP, LLC AND TOBY NEUGEGAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03009-mvl** |

**DEFENDANTS BANZAI ADVISORY GROUP, LLC'S AND TOBY NEUGEBAUER'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Banzai Advisory Group, LLC ("Banzai") and Toby Neugebauer ("Neugebauer") (collectively, "Defendants") hereby file their Original Answer to Trustee's First Amended Complaint [Doc. # 26] (the "Complaint") and Affirmative Defenses, and respectfully state as follows:

## DEFENDANTS' ANSWER TO THE COMPLAINT

### I. JURISDICTION AND VENUE

1. Defendants deny the allegations in Paragraph 1. Further, Defendants object to and do not consent to the entry of final orders or judgments by the Court.

2. Defendants admit the allegations in Paragraph 2.

3. Paragraph 3 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 3 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 3 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

### II. PARTIES

4. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 4, which also contains legal conclusions.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

### III. FACTUAL BACKGROUND

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the first sentence of Paragraph 9. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants deny the first sentence of Paragraph 10. Defendants admit the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Neugebauer was Debtor's founder, a member of Debtor's board of Directors, served as Debtor's CEO and instigated the Bankruptcy. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants cannot admit or deny allegations in Paragraph 13 and, therefore, Defendants deny same.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants admit that Banzai is wholly owned by Neugebauer and Melissa Neugebauer (collectively, the "Neugebauers") and that Neugebauer served as its "Managing Member." Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit that, on August 2, 2022, GRAC executed promissory note with Banzai under which Banzai loaned GRAC $5 million (the "Note") and that GRAC granted Banzai a continuing security interest in all of GRAC's right, title and interest in all currently existing and after acquired or arising Collateral. The remaining allegations in Paragraph 16 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit that Banzai transferred $5 million to GRAC on August 2, 2022. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit Debtor was founded in May of 2021. Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 26.

27. The allegations in Paragraph 27 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those

documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 appear to be content of documents, which are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 31.

32. The allegations in Paragraph 32 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 38.

39. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 39 and, therefore, Defendants deny same.

40. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 40 and, therefore, Defendants deny same.

41. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 41 and, therefore, Defendants deny same.

42. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 42 and, therefore, Defendants deny same.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit that Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 8, 2023. Defendants deny any other allegation, express or implied, in Paragraph 44.

## IV. CLAIMS FOR RELIEF

### A. COUNT I: Alter-Ego

45. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

### B. COUNT II: Avoidance of Lien – Preference (11 U.S.C. § 544)

48. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

### C. COUNT III: Avoidance of Transfer – Preference (11 U.S.C. § 547)

51. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

**D. COUNT IV: Recovery of Voidable Transfer (11 U.S.C. § 550)**

59. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 59 of the Complaint.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

**E. COUNT V: Disallowance of Claim (11 U.S.C. § 502)**

64. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 64 of the Complaint.

65. Defendants admit that GRAC transferred $3,913,181.28 to Banzai on December 6, 2022. Defendants deny the remaining allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

**F. COUNT VI: Neugebauer's Breach of Fiduciary Duty**

71. Defendants restate and reallege their admissions and denials as set forth herein

in response to Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

**G. COUNT VII: Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Expenses**

75. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 75 of the Complaint

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

## V. PLAINTIFF'S PRAYER

78. Defendants deny that Plaintiff is entitled to any of the relief that it requests in the Prayer of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendants allege as follows:

2. Defendants are entitled to offset for amounts owed to Defendants by Debtor.

3. Debtor was not insolvent at the time of the alleged fraudulent transfers.

4. Any alleged transfers were in payment of a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendants and were made according to ordinary business terms.

5. Debtor received reasonably equivalent value for the transfers to Defendants.

6. Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because:

a. Debtor was solvent when the alleged transfers were made, or did not become insolvent as a result of the alleged transfers;

b. Debtor was not engaged or about to engage in business or transactions for which any property remaining with Debtor was unreasonably small capital; or

c. Debtor did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured.

7. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not hold Defendants liable pursuant to 11 U.S.C. § 550.

8. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not disallow any claims of Defendants pursuant to 11 U.S.C. § 502.

9. Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefitted Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

10. Plaintiff's breach of fiduciary duty claim is barred by the business judgment rule.

11. Plaintiff's breach of fiduciary duty claim is barred by the doctrine of *in pari delicto*.

12. Plaintiff is not entitled to an award of attorneys' fees under applicable state law, the Bankruptcy Code, or any other applicable law as Plaintiff has shown no legal or factual basis for such an award.

13. Defendants reserve the right to amend this Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter judgment in favor of Defendants, and grant Defendants such other relief, at law or equity, to which Defendants show themselves justly entitled.

Dated: May 1, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Trey Crawford*

Trey Crawford
SBN 24059623
tcrawford@cwl.law
Michael J. Lang
SBN 24036944
mlang@cwl.law
Alexandra Ohlinger
SBN 24091423
aohlinger@cwl.law
Gracen Moreno
SBN 24116248
gmoreno@cwl.law
David M. Akere
SBN 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Banzai Advisory Group, LLC and Toby Neugebauer*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I served a copy of the foregoing document electronically to all filers of record via the CM/ECF system and/or email.

/s/ *Trey Crawford*
Trey Crawford