Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Benjamin L. Weible
Texas Bar No. 24068834
Ryan M. Anderson
Texas Bar No. 24143563
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536
potter@imcplaw.com
shepherd@imcplaw.com
weible@imcplaw.com
anderson@imcplaw.com

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

Davor Rukavina
Texas Bar No. 24030781
Thomas D. Berghman
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Suite 4000,
Dallas, Texas 75201-6605
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WITH PURPOSE, INC.** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| ***Debtor*.** | § | |

| | | |
|---|---|---|
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03009-mvl** |
| | § | |
| **BANZAI ADVISORY GROUP, LLC and TOBY NEUGEBAUER,** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

# TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS BANZAI ADVISORY GROUP, LLC AND TOBY NEUGEBAUER AND BRIEF IN SUPPORT

Plaintiff Scott M. Seidel (the "Trustee" or "Plaintiff"), as the duly appointed Chapter 7 Trustee for the estate of With Purpose, Inc. (the "Debtor" or "WPI"), files this *Motion to Compel Discovery and Brief in Support* (the "Motion") against Defendants Banzai Advisory Group, LLC ("Banzai") and Toby Neugebauer ("Neugebauer," and collectively with Banzai, the "Defendants"), and shows:

## I. WHAT THIS MOTION IS ABOUT

1. This Motion asks the Court to require Defendants to meet their most basic discovery obligation: to produce responsive, non-privileged documents. Months ago, Defendants told the Trustee that they would "produce responsive documents…on a rolling basis at a mutually convenient time." To date, *they have not produced a single document*.

2. The Trustee has exerted more than reasonable efforts to avoid filing this Motion and burdening the Court with (what should be) an unnecessary discovery dispute.[1] The Trustee's counsel sent a deficiency letter. The Trustee's counsel met and conferred with opposing counsel on numerous occasions. The Trustee's counsel provided Defendants with additional time when it was requested. The Trustee's counsel even offered to negotiate search terms in order to assist the Defendants in their delinquent/non-existent production.

3. Defendants answered that courtesy by striking over 75% of the Trustee's proposed terms (including some of the most critical and obviously relevant terms for this dispute) and then, when the Trustee made additional good faith efforts to reach a resolution, Defendants simply stopped responding. The Trustee was left with no choice but to file this Motion and respectfully

[1] The majority of the events set forth herein, including the conference efforts, were conducted by the parties through their respective counsel. For readability, this Motion often refers to actions taken by counsel as actions of the party.

moves this Court for an order compelling Defendants to comply with their discovery obligations and immediately produce non-privileged responsive documents.

## II. FACTUAL BACKGROUND

4. Neugebauer founded the Debtor, served as its Chief Executive Officer, and exercised control over GloriFi Receivables Acquisition Company, LLC ("GRAC"), a wholly owned subsidiary that held the credit card receivables the Debtor's platform generated. Adv. Dkt. No. 26 ¶¶ 12–14. On August 2, 2022, Neugebauer caused GRAC to execute a promissory note in favor of Banzai (a company Neugebauer owns with his wife) securing a $5 million loan with a lien on GRAC's assets, including its deposit account. *Id.* ¶¶ 15–16. Banzai never obtained the control agreement required to perfect that lien. *Id.* ¶ 17. On December 6, 2022, weeks after the Debtor announced it was winding down and sixty-four days before it filed for bankruptcy, Neugebauer caused $3,913,181.28 to be withdrawn from GRAC's account and paid to Banzai, leaving the account swept bare. *Id.* ¶¶ 18, 44. Through this adversary, the Trustee brings claims against Defendants stemming from this transfer. *See id.* at pp. 14-19.

5. Discovery is currently set to close in this matter on November 18, 2026. Adv. Dkt. No. 40 at p. 2.

6. Almost three (3) months ago, on July 17, 2026, the Trustee served his (1) First Set of Discovery to Banzai and (2) First Set of Discovery to Neugebauer (collectively, the "Requests"). Ex. A at App. 002-025; Ex. B at App. 027-050. On August 17, 2026, Defendants served their responses (the "Responses"). Ex. C at App. 052-070; Ex. D at App. 072-092. Neither Defendant, however, produced a single document with those Responses. Rather, Defendants responded to most of the Trustee's requests for production with the single phrase, "Defendant will produce responsive documents" within their possession, custody and control. *See generally id*. Defendants

also included a "Global Objection" that they would produce documents "on a rolling basis at a mutually convenient time." Ex. C at App. 054; Ex. D at App. 074.

7. The Responses also contained numerous discovery deficiencies, and the Trustee addressed those deficiencies in a letter sent to Defendants on August 21, 2026. Ex. E at App. 094-100. The letter requested that Defendants amend their responses and objections to comply with the Federal Rules of Civil Procedure and invited the Defendants to confer with the Trustee to discuss such issues (as part of the Trustee's efforts to avoid the need for filing this very Motion). *See id.*

8. The parties attempted to confer by videoconference on August 31, 2026. Defendants' counsel, however, was wholly unprepared to discuss any substantive issues and the itemized deficiencies. Defendants' counsel had no knowledge of what efforts (now) prior counsel and clients had taken to collect and review potentially responsive documents (which, evidently, were none).

9. It was at this time, in the Trustee's attempt to work with and provide accommodations to the Defendants, that the parties generally discussed the possibility of using identified search terms to facilitate Defendants' document review and production. The Trustee, again, as a courtesy to allow Defendants' new counsel time to resolve these issues, did not immediately seek the Court's intervention. Instead, the Trustee expected that Defendants would meet their discovery obligations in due course. That proved to be wishful thinking.

10. On September 22, 2026, the Trustee followed up with Defendants, offered a list of proposed search terms, and invited counsel to confer regarding both the terms and the outstanding deficiencies in the Responses. The parties conferred by videoconference on September 28, 2026. This conference made clear that Defendants had made no progress toward correcting the identified deficiencies in the Responses or producing documents. Instead, Defendants' counsel disclosed for

the first time during the conference, that they did not even have the Responses, having never received them from their clients or Defendants' prior counsel.

11. On September 30, 2026, Defendants proposed new search terms, cutting the original list of nineteen search terms to three and materially limiting one of the most important terms, "GRAC." Defendants represented that they could produce documents responsive to these three terms within a week but asked for two weeks to amend the Responses. That afternoon, the Trustee informed Defendants that their suggested terms were not acceptable, proposed a compromise of eight terms, and offered to give Defendants a full two weeks to amend the Responses and produce the documents. Defendants responded, "I think we may be close to an agreement."

12. On October 1, 2026, the Trustee called Defendants in an attempt to finalize the search terms. Defendants reiterated that the parties were "close" and that the terms would be finalized shortly. However, later that afternoon, Defendants sent a revised proposal that once again severely limited the "GRAC" term. The Trustee called again to ask for the basis for Defendants' continued refusal to include the term. Defendants' counsel said that he would confer with his team and respond by the end of the day. Unfortunately, no response ever came.

13. On October 2, 2026, the Trustee once again followed up by email, asking Defendants to confirm that they would add (GRAC or "GloriFi Receivables Acquisition Company") back as a search term and produce all responsive, non-privileged documents by October 14, 2026. The Trustee advised that, absent agreement, he would have no choice but to seek relief from this Court. To date, Defendants' counsel has not responded.

14. Despite the written deficiency letter, numerous conferences, and repeated opportunities to cure, Defendants have not produced a single document. The Trustee has exhausted every means of resolving this dispute without this Court's intervention.[2]

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

15. The Federal Rules of Civil Procedure (the "Federal Rules") governing discovery apply with full force in adversary proceedings. FED. R. BANKR. P. 7034; FED. R. BANKR. P. 7037. Under Rule 34, a party may serve a request to produce documents within the scope of Rule 26(b) that are in the responding party's possession, custody, or control. FED. R. CIV. P. 34(a)(1). The responding party must respond in writing within thirty days after service. FED. R. CIV. P. 34(b)(2)(A). For each item or category, the response must either state that the request will be complied with or state with specificity the grounds for objecting. Fed. R. Civ. P. 34(b)(2)(B). A party that commits to produce documents must complete that production, "no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.*

16. When a party fails to produce documents as requested under Rule 34, the requesting party may move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B)(iv). Evasive or incomplete responses are treated as failures to respond and are themselves grounds to compel. FED. R. CIV. P. 37(a)(4).

### B. A Responding Party Must Produce Responsive, Non-Privileged Documents.

17. This is straightforward: Defendants must stop stalling and produce responsive documents. Defendants have raised no substantive objections to the bulk of the Trustee's requests.

---

[2] The Trustee does not move to compel amended Responses at this time, consistent with the Trustee's agreement that Defendants have until October 14, 2026, to amend. The Trustee reserves all rights as to a future motion directed at the Responses.

Rather, Defendants answered most by committing to "produce responsive documents." *See generally* Ex. C at App. 052-070; Ex. D at App. 072-092. Defendants need to now make good on that commitment. The Responses specified no date certain for compliance, only that documents would be produced "on a rolling basis at a mutually convenient time." Ex. C at App. 054; Ex. D at App. 074. A commitment to produce, standing alone, is not compliance under the Rules. *See* FED. R. CIV. P. 34. More than fifty days and many conferrals later, no time has proven convenient for Defendants. Accordingly, Defendants have failed to comply with their obligations under the Rules.

18. Defendants are required to "fully answer each interrogatory or document request to the full extent that it is not objectionable" and must "affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). The party resisting discovery "must have a valid objection to each one in order to escape the production requirement." *See Lopez*, 327 F.R.D. at 580, *quoting McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990). Objections Defendants failed to timely assert are generally waived. *Lopez*, 327 F.R.D. at 582.

19. The Trustee's counsel has made numerous attempts to work with Defendants' counsel to effectuate production under the Rules, including by attempting to agree to search terms to identify responsive material. But the Trustee's counsel's attempts to work with Defendants' counsel on search terms do not diminish Defendants' production obligation. Search terms are merely a method for locating responsive material within a data set, and courts recognize that they carry "several known limitations. . . that can reduce their effectiveness if not properly addressed." *Deal Genius, LLC v. O2COOL, LLC*, 682 F. Supp. 3d 727, 733 (N.D. Ill. 2023). Chief among

those limitations, search terms "tend to be under-inclusive": documents that do not contain the precise wording of a term "will be excluded from the search results," leaving "key discoverable information undetected and thus not produced." *Id*. at 734.

20. An agreed search protocol is therefore a tool in service of the production obligation, not a substitute for, or a precondition to, it. Agreeing to run terms does not alter the scope of discovery. A reasonably accessible document that is responsive to a discovery request must be produced without regard to the parties' agreement to use search terms. *See Albert v. Lab'y Corp. of Am.*, 536 F. Supp. 3d 798, 801 (W.D. Wash. 2020). Defendants are obligated to produce all relevant, responsive, non-privileged documents, and have failed to meet that obligation. Accordingly, the Trustee requests that the Court compel production.

## IV. CONCLUSION

The Trustee respectfully requests that the Court enter an order: (i) compelling Defendants to produce all responsive, non-privileged documents within their possession, custody, or control; and (ii) granting the Trustee such other and further relief to which he is justly entitled.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**BENJAMIN L. WEIBLE**
Texas Bar No. 24068834
E-Mail: weible@imcplaw.com
**RYAN M. ANDERSON**
Texas Bar No. 24143563
E-Mail: anderson@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

-and-

**DAVOR RUKAVINA**
Texas Bar No. 24030781
drukavina@munsch.com
**THOMAS D. BERGHMAN**
Texas Bar No. 24082683
tberghman@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: (214) 855-7500

**COUNSEL FOR TRUSTEE**

**<u>CERTIFICATE OF CONFERENCE AND VERIFICATION OF COUNSEL</u>**

I hereby certify that counsel for the Trustee has conferred with counsel for Defendants in a good-faith effort to resolve the matters raised in this Motion without Court intervention. On August 21, 2026, the Trustee sent Defendants a letter identifying the deficiencies in the Responses. Parties conferred by videoconference on August 31, 2026, and again on September 28, 2026. Counsel further conferred by telephone on October 1, 2026, and the Trustee followed up in writing on October 2, 2026. Defendants' counsel did not respond. The Trustee presumes this Motion is opposed.

Furthermore, as an attorney of record in this adversary proceeding and an officer of the Court, I hereby verify that the factual statements set forth in paragraphs 8 through 14 of this Motion, which further describe the conference efforts made by the Trustee's counsel, are within my personal knowledge (or within the personal knowledge of other attorneys at Iacuone McAllister Potter PLLC) and are true and correct.

*/s/ Ryan M. Anderson*
RYAN M. ANDERSON

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of October 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Defendants.

*/s/ Ryan M. Anderson*
RYAN M. ANDERSON