Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Benjamin L. Weible
Texas Bar No. 24068834
Ryan M. Anderson
Texas Bar No. 24143563
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536
potter@imcplaw.com
shepherd@imcplaw.com
weible@imcplaw.com
anderson@imcplaw.com

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

Davor Rukavina
Texas Bar No. 24030781
Thomas D. Berghman
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Suite 4000,
Dallas, Texas 75201-6605
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WITH PURPOSE, INC.** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| ***Debtor*.** | § | |

| | | |
|---|---|---|
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03009-mvl** |
| | § | |
| **BANZAI ADVISORY GROUP, LLC and TOBY NEUGEBAUER,** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**TRUSTEE'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' NOTICES OF NON-PARTY SUBPOENAS**

Plaintiff Scott M. Seidel (the "Trustee" or "Plaintiff"), as the duly appointed Chapter 7 Trustee for the estate of With Purpose, Inc. (the "Debtor" or "WPI"), files this *Motion for Protective Order* (the "Motion") regarding two notices of non-party subpoenas served by Defendants Banzai Advisory Group, LLC ("Banzai") and Toby Neugebauer ("Neugebauer," and collectively with Banzai, the "Defendants"). In support thereof, the Trustee respectfully shows the following:

## I. SUMMARY – WHY THE MOTION SHOULD BE GRANTED

1. The GloriFi walls are closing in on Toby Neugebauer. And Toby Neugebauer is spiraling.

2. Neugebauer faces docket call later this month in an adversary proceeding filed against him and his wife in the related Animo Bancorp, Inc. ("ABI") bankruptcy proceeding, which is pending in the United States Bankruptcy Court for the Western District of Texas (the "ABI Adversary"). The ABI trustee seeks to disallow and recover $7 million in transfers Neugebauer caused to be paid to him and his wife just days after ABI received a demand letter from one of its creditors.

3. With trial in the ABI Adversary looming, Neugebauer has taken the following actions (among others):

- More than 29 months after Neugebauer caused ABI to file for chapter 7 bankruptcy protection, in a transparent effort to avoid trial and shirk liability, Neugebauer caused the ABI debtor to file a motion to convert the ABI bankruptcy proceeding to chapter 11.[1] Sound familiar?

[1] For context, the objections filed by the ABI trustee and the ABI agent to the motion to convert filed by the ABI debtor (which Neugebauer caused to be filed) are being submitted herewith as Exs. 3 and 4.

- Neugebauer filed his motion to intervene (or, perhaps better stated, interfere) in the Trustee's adversary proceeding against Winston Strawn (a case that has been pending for over a year). *See* Adv. Dkt. No. 91 (Adv. No. 25-03105-mvl).

4. Now, on October 6, 2026 (*i.e.*, 3 days before the filing of this Motion), and notwithstanding Neugebauer's and Banzai's complete and total failure to comply with their own discovery obligations (as outlined in the Trustee's recently filed Motion to Compel – Adv. Dkt. No. 51), Defendants served notices of subpoenas to non-parties Richard L. Jackson ("Mr. Jackson") and Vivek Ramaswamy ("Mr. Ramaswamy") (collectively, the "Non-Party Notices"). *See* Ex. 1 (Jackson Notice); Ex. 2 (Ramaswamy Notice).

5. The Non-Party Notices state that Defendants intend to depose Mr. Jackson on October 20, 2026, and Mr. Ramaswamy on October 21, 2026. Defendants are well-aware (as it is a matter of public knowledge) that (i) Mr. Jackson is the Republican nominee for governor of the State of Georgia, and (ii) Mr. Ramaswamy is the Republican nominee for governor of the State of Ohio. Defendants seek to depose Mr. Jackson and Mr. Ramaswamy on dates less than 2 weeks before the general election (and only 2 weeks after issuing the Non-Party Notices). The sole purpose of the Non-Party Notices is clear – ***harassment***.

6. There is no good faith basis supporting Defendants' issuance of the Non-Party Notices. For the necessary evidence supporting this conclusion, the Court need look no further than Defendants' own disclosures, which do ***not*** identify Mr. Jackson or Mr. Ramaswamy as persons with relevant knowledge in this matter. *See* Ex. 5 (Defs.' Initial Disclosures). Neugebauer named Mr. Jackson and Mr. Ramaswamy as defendants in the DEGA lawsuits – *i.e.*, the very lawsuits for which Neugebauer and his associated entities were sanctioned almost $1 million for

filing in violation of the automatic stay. *See* Ex. 6.[2] Neugebauer is now attempting to use this adversary proceeding as a vehicle to harass non-party, gubernatorial candidates mere weeks before the general election (while Neugebauer simultaneously ignores and defies his own discovery obligations).

7. The gamesmanship and harassment must stop. Neugebauer was already sanctioned by this Court to the tune of almost seven figures for abusing the bankruptcy process. Unfortunately, Neugebauer has not learned his lesson and is back to his old tactics.

8. For the reasons set forth herein, the Trustee requests that the Court issue an order (i) protecting the Trustee from having to waste the time and resources of attending out-of-state, non-party depositions that were issued for the sole purpose of harassment, and (ii) nullifying the subpoenas at issue and excusing all impacted parties from compliance with any aspect of such subpoenas given their improper purpose. The Trustee further requests any additional relief that he shows himself to be entitled, including – if the Court deems appropriate given the circumstances and prior actions of Mr. Neugebauer – the imposition of sufficient monetary sanctions to deter Defendants from continuing to abuse the discovery process.

## II. ARGUMENT AND AUTHORITIES

9. The Federal Rules of Civil Procedure (the "Rules") governing discovery apply with full force in adversary proceedings. Fed. R. Bankr. P. 7026; Fed. R. Bankr. P. 9016. Under Rule 45, a party may serve a subpoena commanding a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). But a subpoena to a non-party is not a license to exceed the ordinary bounds of discovery. Although governed in the first instance by Rule 45, non-party

[2] Mr. Neugebauer caused either Mr. Jackson, Mr. Ramaswamy, and/or their investment entities to be sued in the DEGA lawsuits.

subpoenas "are also subject to the parameters of Rule 26." *See Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 617 (E.D. La. 2022). Rule 26 limits discovery to non-privileged information that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Further, courts must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

10. A party generally lacks standing to quash a subpoena directed at a non-party under Rule 45. *Crescent City*, 643 F. Supp. 3d at 618. However, a party (the Trustee in this instance) may challenge a non-party subpoena under Rule 26: "a party has standing to move for a protective order [under Federal Rule of Civil Procedure] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Stancu v. Hyatt Corp./Hyatt Regency, Dallas,* No. 3:17-CV-675-L-BN, 2017 WL 2984052, at *1 (N.D. Tex. July 13, 2017) (quoting *Bounds v. Capital Area Family Violence Intervention Ctr.,* 314 F.R.D. 214, 218 (M.D. La. 2016)).

11. Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on the movant to demonstrate good cause through "a particular and specific demonstration of fact" and not mere "conclusory statements." *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 934 (N.D. Tex. 2017) (quoting *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998)). The Court has broad discretion in determining whether to grant a motion for a protective order. *Ford Motor Co.*, 316 F. Supp. 3d at 935.

12. A subpoena directed at a non-party exceeds the permissible bounds of discovery where the record does not support that the target possesses information relevant to the claims and

defenses at issue in the underlying action. *MetroPCS v. Thomas*, 327 F.R.D. 600, 627–28 (N.D. Tex. 2018). In *MetroPCS*, the court reasoned that "a party may no more use third-party discovery to develop new claims or defenses that are not already identified in the pleadings than it may use discovery served on a party to find the claims themselves rather than to find support for properly pleaded claims." *Id.* at 609. In reaching its holding, the court considered the requesting party's omission of the subpoena target from its own Rule 26 disclosures. *Id.* at 627.

13. As set forth above, there is ***zero*** good faith basis supporting Defendants' issuance of the Non-Party Notices; the only purpose is harassment. Rule 26 requires the parties to disclose "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendants did ***not*** include Mr. Jackson or Mr. Ramaswamy in their initial disclosures. *See* Ex. 5 (Defs.' Initial Disclosures). As of the time of this filing, Defendants have not bothered to produce a single document in this adversary proceeding, but they somehow found time to fire off the Non-Party Notices (hastily, no doubt, given that the incorrect court is listed on the Non-Party Notices). *See* Exs. 1 and 2.

14. Why? Because we are approaching the eve of the general election, campaign season is in full swing, and Neugebauer wants to harass two of the individuals whom Neugebauer caused to be sued in the DEGA lawsuits (*i.e.*, the lawsuits for which Neugebauer and his associated entities were sanctioned almost $1 million for filing in knowing violation of the automatic stay).

15. Neither the Trustee nor the non-parties should be forced to waste unnecessary time and resources on Neugebauer's latest abuse of process and harassing discovery games. For these reasons and those that will be presented at the hearing on this Motion, the relief requested by the Trustee should be granted.

## III. CONCLUSION

The Trustee respectfully requests that the Court enter an order: (i) protecting the Trustee from having to waste the time and resources of attending out-of-state, non-party depositions that were issued for the sole purpose of harassment, (ii) nullifying the subpoenas at issue and excusing all impacted parties from compliance with any aspect of such subpoenas given their improper purpose; (iii) to the extent the Court deems appropriate and necessary, imposing sufficient monetary sanctions against Defendants to deter them from continuing to abuse the discovery process; and (iv) granting the Trustee such other and further relief to which he is justly entitled.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**BENJAMIN L. WEIBLE**
Texas Bar No. 24068834
E-Mail: weible@imcplaw.com
**RYAN M. ANDERSON**
Texas Bar No. 24143563
E-Mail: anderson@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND**
**SPECIAL COUNSEL FOR TRUSTEE**

-and-

**DAVOR RUKAVINA**
Texas Bar No. 24030781
drukavina@munsch.com
**THOMAS D. BERGHMAN**
Texas Bar No. 24082683
tberghman@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: (214) 855-7500

**COUNSEL FOR TRUSTEE**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on October 9, 2026, I conferred with counsel for Defendants (Jeffrey M. Tillotson) via a telephone conference regarding the issues presented in this Motion. Defendants are opposed to the relief requested by the Trustee in this Motion.

*/s/ Chase J. Potter*
CHASE J. POTTER

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Defendants.

*/s/ Chase J. Potter*
CHASE J. POTTER