# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**WITH PURPOSE, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 23-30246-MVL-7**<br>**Chapter 7** |
| **SCOTT M. SEIDEL, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BANZAI ADVISORY GROUP, LLC AND TOBY NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03009-MVL** |

**DEFENDANTS' FIRST AMENDED NOTICE OF SUBPOENAS TO NON-PARTY RICHARD L. ("RICK") JACKSON TO PRODUCE DOCUMENTS AND TO TESTIFY AT A DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030, 7034, and 9016 of the Federal Rules of Bankruptcy Procedure, Defendants Toby Neugebauer and Banzai Advisory Group LLC ("Defendants") hereby serve notice of their intent to serve on non-party Richard L. Jackson ("Jackson") (i) a subpoena to produce documents, electronically stored information, or objects, (the "Document Subpoena"), and (ii) a subpoena to testify at a deposition, (the "Deposition Subpoena," and together, the "Subpoenas" attached as Exhibit A).

Defendants intend to serve the Subpoenas on or after October 6, 2026. This notice is served on all parties before service of the Document Subpoena on the person to whom it is directed, as required by Federal Rule of Civil Procedure 45(a)(4).

The Document Subpoena commands production of the documents described in Attachment 1 to Exhibit A at the deposition or by electronic delivery to jtillotson@tillotsonlaw.com, imiller@tillotsonlaw.com, sbabineaux@tillotsonlaw.com, and airrobali@tillotsonlaw.com.

The deposition will occur at the following date, time, and location, and will continue from day to day until completed:

Date: October 20, 2026

Time: 10:00 a.m. CT

Location: The deposition will take place at a mutually-agreeable place within the Atlanta, Georgia metropolitan area where Jackson resides and conducts business, or by Zoom.

The deposition will be conducted before a Certified Court Reporter or other officer duly authorized to administer oaths, will be recorded by stenographic means, and may be videotaped. Any party may attend remotely by videoconference upon reasonable advance request to the undersigned.

**Coordination**. To avoid duplicative burden on the witness, Defendants intend to cross-notice this deposition in any related adversary proceedings in which the witness's

testimony may be relevant so that Jackson may be deposed once for use in each proceeding, subject to the agreement of the parties or further order of the Court.

Dated: October 6, 2026

Respectfully submitted,

*_/s/ Jeffrey M. Tillotson_*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Austen Irrobali
State Bar No. 24092564
airrobali@tillotsonlaw.com
Sara K. Babineaux
State Bar No. 24125102
sbabineaux@tillotsonlaw.com

**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on October 6, 2026, a true and correct copy of the foregoing notice, including Exhibit A, was served on counsel for the Trustee.

*_/s/ Jeffrey M. Tillotson_*
Jeffrey M. Tillotson

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re With Purpose, Inc.
Debtor

Case No. 23-30246-MVL-7

(Complete if issued in an adversary proceeding)

Chapter 7

Scott M. Seidel, Trustee
Plaintiff
v.
Banzai Advisory Group, LLC and Toby Neugebauer
Defendant

Adv. Proc. No. 25-03009-MVL

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Richard L. Jackson
(Name of person to whom the subpoena is directed)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Zoom (remotely)or a place within 100 miles of Atlanta, GA | October 20, 2026, 10am C.T. |

The deposition will be recorded by this method:
Stenographic means and/or on videotape

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit A-1, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2026

CLERK OF COURT

OR

_________________________ /s/ Austen Irrobali
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Toby Neugebauer , who issues or requests this subpoena, are:
Austen Irrobali, Tillotson Patton, 1201 Main Street, Suite 1300, Dallas, Texas 75202, airrobali@tillotsonlaw.com, (214) 382-3041

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A-1

# I. INSTRUCTIONS

1. Produce all responsive Documents in Your possession, custody, or control, including Documents held by Your agents, assistants, attorneys, accountants, and any entity You own or control, including Vivek Ramaswamy Investments, LLC, Strive Enterprises, Inc., Strive Asset Management, LLC, and any other entity You own or control.

2. Unless otherwise stated, the relevant period for each Request is January 1, 2021 through the present.

3. Produce Documents as they are kept in the usual course of business or organized and labeled to correspond to the Requests. Produce electronically stored information in reasonably usable form, with emails and attachments produced together and with metadata (including author, recipients, date sent, and custodian) preserved. Text messages and other messages should be produced in a format that shows sender, recipient, date, and time.

4. If You withhold any Document on a claim of privilege or protection, expressly make the claim and describe the nature of the withheld Document in a manner that will enable the parties to assess the claim, as required by Fed. R. Civ. P. 45(e)(2).

5. If no Documents responsive to a Request exist, so state in writing. If any responsive Document has been lost or destroyed, identify it and describe the circumstances of its loss or destruction.

6. Documents already produced by You to the Trustee or the Agent in the Bankruptcy Case or any related proceeding may be produced by identifying them by Bates number, provided the Bates-numbered set is made available to Defendants.

7. These Requests are continuing. Supplement Your production if You locate additional responsive Documents before trial.

8. Responsive documents and materials shall be produced for inspection and copying at your deposition. In lieu of producing physical copies, responsive Documents and materials may be produced electronically by sending same to the following email addresses: (1) jtillotson@tillotsonlaw.com, (2) airrobali@tillotsonlaw.com, (3) sbabineaux@tillotsonlaw.com, and (4) imiller@tillotsonlaw.com.

# II. DEFINITIONS

1. "**Banzai**" means Banzai Advisory Group, LLC.

2. "**GRAC**" means GloriFi Receivables Acquisition Company, LLC.

3. "**Banzai Note**" means the $5,000,000 secured promissory note GRAC issued to Banzai on or about August 2, 2022, and any related security or control agreement.

4. "**Credit Card Program**" means GloriFi's consumer credit card offering, including the purchase of receivables from Deserve and accounts at Evolve Bank & Trust.

5. "**GloriFi**" means With Purpose, Inc. and its subsidiaries.

6. "**Trustee**" means Scott M. Seidel, chapter 7 trustee of With Purpose, Inc., and his counsel.

7. "**GloriFi Acquisitions**" means GloriFi Acquisitions, LLC.

8. "**You**" means: Rick Jackson and any entity he owns or controls, including Jackson Investment Group, LLC;

9. "**Document**" and "**Communication**" have the meanings in Fed. R. Civ. P. 34(a)(1)(A). "**Communication**" includes email, text, and messaging-app messages.

10. "**Person**" means any natural person or any business, legal, or governmental entity or association.

11. "**Regarding**" means concerning, relating to, referring to, describing, evidencing, or constituting.

## III. DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications that refer to Banzai, GRAC, or the Banzai Note, dated January 1, 2022 through February 8, 2023.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All Communications between You and Nick Ayers, Keri Findley, Cason Carter, or Vivek Ramaswamy concerning the Credit Card Program, Banzai, or GRAC, dated June 1, 2022 through February 8, 2023.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Documents sufficient to show each request made to You between April 1, 2022 and August 2, 2022 to provide additional capital or financing to GloriFi or GRAC, and Your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to show any proposal or term sheet You offered to GloriFi or GRAC between April 1, 2022 and November 21, 2022 to finance the Credit Card Program or its receivables.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All Documents You received from GloriFi between June 1, 2022 and November 21, 2022 that describe how the Credit Card Program or its receivables would be financed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All Documents reflecting any objection You made before February 8, 2023 to the Banzai Note or to any lien securing it.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All memoranda or analyses prepared by or for You between June 1, 2022 and November 21, 2022 concerning whether to provide additional capital to GloriFi.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Documents sufficient to show any GloriFi notes or equity You acquired between April 1, 2022 and February 8, 2023, including the date, amount, and whether the instrument was secured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show (a) Your direct and indirect ownership of GloriFi Acquisitions and (b) the share of any recovery in this Adversary Proceeding payable to You or GloriFi Acquisitions. This excludes documents filed on the docket in Case No. 23-30246.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All Communications between You or GloriFi Acquisitions and the Trustee concerning Banzai, GRAC, or the Banzai Note, dated February 8, 2023 through February 7, 2025.

**RESPONSE:**