# EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-50359-alt** |
| **ANIMO BANCORP, INC.,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**OBJECTION TO MOTION TO CONVERT BANKRUPTCY CASE TO CHAPTER 11 PURSUANT TO SETION 706(a) OF THE BANKRUPTCY CODE**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, Trustee ("Trustee"), the duly appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case (the "Bankruptcy Case") and hereby files his *Objection* (the "Objection") to the *Motion to Convert Bankruptcy Case to Chapter 11 Pursuant to Section 706(a) of the Bankruptcy Code* [Dkt. No. 39] (the "Motion to Convert"), and would show the Court as follows:

## I. SUMMARY

This case was filed as a chapter 7 two and one-half years ago, with the bankruptcy petition signed by Toby Neugebauer ("Mr. Neugebauer"). During the several years leading up to the bankruptcy filing, and in the time since, Debtor has had no employees, no revenue, no tangible assets, no operations; in short, nothing that could be reorganized. During the avoidance lookback period, Debtor's sole shareholder, Mr. Neugebauer caused at least $7,000,000.00 to be transferred from Debtor's bank account to himself and his wife ("Mrs. Neugebauer", collectively with Mr. Neugebauer the "Neugebauers"), leaving the legitimate creditors of Debtor holding the proverbial bag. Nearly one and a half years ago, the Trustee obtained approval from this Court for a sale and sharing arrangement (the "Sharing Arrangement") involving a third-party ("GloriFi") relating to avoidance actions that have subsequently been brought against the Neugebauers by the Trustee's

special litigation counsel ("Special Litigation Counsel").

The Motion to Convert represents a bad faith effort by the Mr. Neugebauer to gain control of the litigation against the Neugebauers, and to spite Special Litigation Counsel, Glorifi, and the Trustee in a deliberate effort to circumscribe the Neugebauers liabilities relating to the Transfers. The Motion to Convert, which represents at least the second time that Mr. Neugebauer has attempted to convert a chapter 7 case as litigation strategy, must be denied because the requested conversion represents a bad faith effort to abuse the bankruptcy process.

## II. BACKGROUND FACTS IN THIS BANKRUPTCY CASE

1. The Bankruptcy Case was filed on March 5, 2024 (the "Petition Date") under Chapter 7 of title 11 of the United States Code. On the Petition Date, indeed as of several years prior to the Petition Date, Debtor had no operations, no employees, and no tangible assets. The Schedules and SOFA [Dkt. No. 1] (the "Schedules") go on to disclose that Debtor's only asset was supposedly $203.00 in a bank account and that Debtor had no meaningful books and records.

2. The Trustee has not discovered any tangible assets and is not aware that Debtor ever had any.

3. The Schedules disclose one payment made during the preference period: a payment of $85,000.00 to a law firm ("Field Manning") that had represented Debtor in certain litigation and for whom one of the named principal's is a lifelong friend of Mr. Neugebauer. Nowhere in Debtor's filings did it disclose any transfers made to the Neugebauers.

4. On March 7, 2024, the Trustee issued his request for notice of assets [Dkt. No. 4].

5. On March 22, 2024, the Trustee filed an application to employ general bankruptcy counsel [Dkt. No. 9].

6. The 341 meeting was held on April 9, 2024.

7. On April 17, 2024, the Court entered an order approving the Trustee's retention of general bankruptcy counsel.

8. On May 17, 2024, the Trustee initiated an adversary complaint against Field Manning. That complaint requested avoidance of a payment Debtor had made to Field Manning during the preference period. That adversary proceeding was resolved by a settlement that was approved by the Court [Dkt. No. 21].

9. Trustee received copies of Debtor's bank statements. From those bank statements, the Trustee learned that the Neugebauers had transferred a total of $7,000,000.00 to themselves from Debtor at a time when Debtor's creditors had begun filing lawsuits seeking to collect monies owed them by Debtor.

10. During this time, the Trustee became aware that Mr. Neugebauer had placed various other entities controlled by him into bankruptcy, including one name With Purpose, Inc. ("WPI"). The Trustee further learned that Mr. Neugebauer has a reputation as a particularly litigious person.

11. On March 19, 2025, the Trustee filed a motion seeking to enter into a sale and sharing arrangement with Glorifi [Dkt. No. 25] (the "Motion to Sell"). Under the Motion to Sell, Glorifi would pay the bankruptcy estate (the "Estate") $20,000.00 for the right to control, manage, prosecute, not prosecute, and settle (subject to approval from this Court) all unliquidated causes of action (i.e. the Neugebauer Claims). No objections to the Motion to Sell were filed by any party-in-interest.

12. On March 25, 2025, the Trustee filed an application to employ special counsel for the purpose of pursuing the Neugebauer Claims.

13. On April 15, 2025, the Court entered an order [Dkt. No. 27] granting the Motion to

Sell. As a result of that order, the right to control the Neugebauer Claims belongs to Glorifi and not the Estate.

14. On April 22, 2025, the Court entered an order [Dkt. No. 28] authorizing the employment of Special Litigation Counsel.

15. On February 24, 2026, the Trustee filed a motion [Dkt. No. 35] seeking approval for the compensation structure by which Special Litigation Counsel would be paid.

16. On March 2, 2026, the Trustee initiated against the Neugebauers an adversary proceeding (the "Adversary Proceeding"), Adv. Proc. No. 26-05011-alt. The allegations made by the Trustee in the Adversary Proceeding are incorporated herein by reference. In sum, they are that the Neugebauers fraudulently transferred to themselves $7,000,000.00 from Debtor, the result of which was Debtor's legitimate creditors going unpaid.

17. On March 20, 2026, the Court entered an order approving the compensation structure of Special Litigation Counsel.

18. From March 20, 2026, to present, Special Litigation Counsel has prosecuted the Adversary Proceeding. Discovery was served and responded to, depositions were taken, and, in short, the Neugebauers liability established well beyond any genuine issue of material fact. In doing so, Special Litigation Counsel has provided a substantial number of hours' worth of professional services relating to the Adversary Proceeding.

19. The original scheduling order in the Adversary Proceeding set docket call for September 14, 2026. On August 18, 2026, that docket call was re-set to be October 5, 2026. The parties are currently engaged in a discovery dispute, with the Estate having moved to compel discovery against the Neugebauers.[1]

---

1 The Trustee anticipates that Special Litigation Counsel either already has filed or will shortly be filing a motion for summary judgment.

20. On August 7, 2026, two years and five months after the Petition Date, the Motion to Convert was filed. It is abundantly clear based upon the status of the Adversary Proceeding that Mr. Neugebauer, realizing that the Neugebauers were going to have a substantial judgment entered against them in the Adversary Proceeding, decided to revisit his unsuccessful playbook from an earlier case that he had filed for another one of his entities.

### III. THE WITH PURPOSE, INC. CASE

21. On February 8, 2023, Mr. Neugebauer put his entity, With Purpose, Inc. ("WPI") into chapter 7 in Case No 23-30246, United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "WPI Bankruptcy Case"). A chapter 7 trustee was appointed (the "WPI Trustee").

22. After the WPI Trustee had taken substantial actions to administer the bankruptcy estate, the WPI Trustee and Mr. Neugebauer proposed for court approval a 9019 that would have resulted in, among other things, the Trustee and Mr. Neugebauer jointly prosecuting claims against third-parties. When a third-party responded by making the Trustee an offer which the Trustee deemed to be superior to the one he had from Mr. Neugebauer, Mr. Neugebauer (acting in the name of WPI) moved to convert the WPI Bankruptcy Case to chapter 11 (the "Motion to Convert the WPI Bankruptcy Case").

23. An extensive, multi-day hearing was held on the Motion to Convert the WPI Bankruptcy Case.

24. The result of that hearing was a thorough, well-reasoned ruling from that bankruptcy court, the findings of fact and conclusions of law of which are incorporated herein by reference. In short, the bankruptcy court denied Mr. Neugebauer's Motion to Convert the WPI Bankruptcy Case, a decision which hinged in large part that that motion "represent[ed] a battle on

who should direct the litigation decisions over the remaining assets of the company - the causes of action." *In re With Purpose Inc.*, 2025 WL 271469, 23-30246-mvl7 (Bankr. N.D. Tex., January 22, 2025). A true and correct copy of that ruling is attached hereto as **Exhibit 1**.

25. Among other things, the bankruptcy court in that case held that there was not an absolute right of conversion because cause existed to reconvert the case based upon Mr. Neugebauer's bad faith and abuse of process. Of note, the bankruptcy court addressed Mr. Neugebauer's attempt to exact litigation advantage in the bankruptcy as an abuse of process. *Id.* at *12. Likewise, the bankruptcy court found that converting for the purpose of liquidating was not an appropriate reason to seek conversion. *Id.* at *13.

## IV. HOPE SPRINGS ETERNAL: THE MOTION TO CONVERT

26. The Motion to Convert cites to section 706(a) of the Bankruptcy Code. Under section 706(a), the Debtor must show, among other things, that the goal of conversion is for a purpose permitted under chapter 11. *See in re Broad Creek Edgewater, LP*, 371 B.R. 752, 757 (Bankr. D.S.C. 2007). As the Supreme Court has noted, the principal purpose of the Bankruptcy Code is to grant a fresh start to the honest by unfortunate debtor. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007). Similarly, conversion from chapter 7 exists in the first place to allow the opportunity for a debtor to pay its debts should is acquire the means to do so. *Id.* at 549 U.S. at 374.

27. Conversion should be denied as futile if the result would be immediate conversion back to chapter 7 or appointment of a chapter 11 trustee. Section 1112(b) indicates that the court shall convert a case to chapter 7 for cause unless a chapter 11 trustee, or examiner, is in the best interest of the estate. 11 U.S.C. 1112(b). "Cause" for purposes of section 1112(b) includes a non-exclusive list of factors, such as:

a. gross mismanagement of the estate;

b. absence of a reasonable likelihood of rehabilitation; and

c. unexcused failure to satisfy timely any filing or reporting requirement.

11 U.S.C. 1112(b)(4).

28. Courts have discussed "cause" under section 1112(b) in terms of futility and abuse of process. *See, e.g., In re Dan Thomason & Assocs., LLC*, 2010 WL 3385025, 3-10-CV-00379-K (N.D. Tex., Aug. 25, 2010) (affirming denial of conversion based upon futility). Most relevant for purposes of this Motion to Convert is the reasoning of the bankruptcy court in its denial of the With Purpose Inc. Motion to Convert.

29. Unfazed by his failure to obtain conversion of the WPI Bankruptcy Case, Mr. Neugebauer wishes to insulate himself here by obtaining conversion of this Bankruptcy Case. The Motion to Convert appears to rely on two stated goals: 1) for the Debtor to take on a DIP Facility in the amount of $2,000,000.00 to be used to pay allowed claims and 2) enable Debtor's corporate existence as a financial services company to "be preserved". Based on the totality of the circumstances, those stated goals are evidently mere pretexts by which Mr. Neugebauer hopes to gain control of the litigation against the Neugebauers.

30. With respect to the second point, for the several years leading up to the Petition Date and since that time, Debtor provided no financial services to anyone. It had no employees, no meaningful books and records, no operations, in short, no business. Thus, the second stated goal of the Motion to Convert will just as easily be served by permitting the Trustee to finish administering the bankruptcy estate and close the case, at which point the Debtor can go back to doing what it had done before: nothing.

31. The first point rings just as hollow and is nothing more than a last-ditch effort by

Mr. Neugebauer to gain control over the Trustee's litigation against him and Mrs. Neugebauer. It represents, at most, an misguided effort by Mr. Neugebauer to attempt to force on the Estate a settlement of the Neugebauer Claims without taking into account the Sharing Arrangement and the rights of Glorifi. Of note, the Motion to Convert makes no mention of, indeed it does not appear to even take into consideration, the existence of the court approved Sharing Arrangement and the associated interests Glorifi and Special Litigation Counsel. In other words, even if the case were to be converted, neither Debtor nor Mr. Neugebauer could prevent Glorifi from continuing to prosecute the Adversary Proceeding because the right to control the Adversary Proceeding belongs to Glorifi.

32. Without even a trace of irony, the Motion to Convert suggests that Debtor's "shareholders" might "elect to pursue future business opportunities". Based upon the information available to him, the Trustee believes that Debtor's sole shareholder on the Petition Date was Mr. Neugebauer. While the facts of the WPI Bankruptcy Case and this one do not overlap completely, they overlap sufficiently to illustrate why conversion here would be just as inappropriate as it would have been in the WPI Bankruptcy Case: the true goal of the Motion to Convert is to unring a bell that Mr. Neugebauer now wishes he had not rung because he has exposed himself to substantial liability. Because he anticipates losing in the Adversary Proceeding, Mr. Neugebauer has shifted to attempting to limit his liability by putting himself back in the captain's chair, a position he abdicated over thirty months ago when he put Debtor into chapter 7.

33. The Motion to Convert does not appear to take into consideration or make any provision for payment of Special Litigation Counsel or Glorifi. As such, the Motion to Convert is missing critical pieces in its calculation. The circumstances point to only one conclusion to be reached from that: if the Bankruptcy Case were to be converted, Mr. Neugebauer does not intend

to willingly provide for Special Litigation Counsel or Glorifi to be paid. Similarly, the Trustee expects that if Mr. Neugebauer is returned to the helm, he would misuse his regained control to attempt to chisel the legitimate creditors of Debtor into accepting less than their full claims; in this particular case, it is in the best interests of the creditors that the Rule 9019 powers remain with the Trustee.

34. Moreover, and as illustrated by the sanctions (the "Sanctions") levied upon him by the Honorable Michelle Larson, United States Bankruptcy Court for the Northern District of Texas, Mr. Neugebauer is not an appropriate person to control a debtor-in-possession. As such, even if this case were to be converted to chapter 11, cause would exist to remove the debtor-in-possession and appoint a chapter 11 trustee. A true and correct copy of the Sanctions is attached hereto as **Exhibit 2**.

35. The transparent purpose of the Motion to Convert is to protect the Neugebauers from their liability in the Adversary Proceeding. Permitting them to shanghai this bankruptcy case for that purpose would be an abuse of the bankruptcy process.

36. Accordingly, permitting conversion in this instance would serve no proper or just purpose, would result in reconversion to chapter 7, and would ultimately delay the Trustee's administration of the bankruptcy estate for the benefit of creditors. Because the Motion to Convert represents nothing more than a naked effort by Mr. Neugebauer to gain control over the Trustee's litigation over the Neagebauers, it must be denied.

WHEREFORE PREMISES CONSIDERED, John Patrick Lowe, Chapter 7 Trustee, prays that the Motion be denied, and for other just relief.

[signature block on following page]

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By:/s/ *Brian T. Cumings*
Brian T. Cumings
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served by the Court's ECF e-filing notification on all parties receiving such notices on September 21, 2026, and as reflected below.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Animo Bancorp, Inc.
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtor's Counsel*

Trey Crawford
Crawford Wishnew & Lang PLLC
1700 Pacific Ave., Suite 2390
Dallas, TX 75201
*Debtor's Counsel*

By:/s/ *Brian T. Cumings*
Brian T. Cumings



4899504.v1