**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| WITH PURPOSE, INC., | § | |
| | § | Case No. 23-30246-MVL-7 |
| Debtor. | § | |
| SCOTT M. SEIDEL, TRUSTEE, | | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| BANZAI ADVISORY GROUP, LLC and TOBY NEUGEBAUER, | § | Adv. No. 25-03009-mvl |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS BANZAI ADVISORY GROUP, LLC AND TOBY NEUGEBAUER**

Defendants Banzai Advisory Group, LLC ("Banzai") and Toby Neugebauer ("Neugebauer," and together with Banzai, "Defendants") file this Response to the Trustee's Motion to Compel Discovery from Defendants Banzai Advisory Group, LLC and Toby Neugebauer and Brief in Support [Adv. Dkt. No. 51] (the "Motion"), and respectfully show the following:

## I. SUMMARY OF RESPONSE

The Motion asks for one thing: an order compelling Defendants to "produce all responsive, non-privileged documents." Mot. at 8. Defendants have done exactly that. On October 28, 2026, Defendants produced 2,002 documents, totaling 34,000 pages, going to the heart of this case—the $5 million loan, GRAC, the Note, the DACA, the UCC-1, and the

Debtor's credit card program—served a privilege log, and served amended written responses identifying, request by request, what has been produced and what has not. Simply put, there is nothing left for the Court to compel.

That said, the Motion is driven by Trustee's complaint that Defendants would not adopt the Trustee's preferred search terms. But by the Trustee's own account, search terms are "a tool in service of the production obligation, not a substitute for, or a precondition to, it." Mot. ¶ 20. The Rules require Defendants to produce relevant, responsive, non-privileged documents. They do not require Defendants to accept their opponent's search protocol. Defendants searched for and produced documents, met their obligations, and the Motion should be denied as moot.

## II. BRIEF BACKGROUND

This adversary proceeding concerns a single transfer. On August 2, 2022, Banzai loaned $5 million to GloriFi Receivables Acquisition Company, LLC ("GRAC") under a Secured Promissory Note (the "Note"). On December 6, 2022, after GRAC stopped purchasing receivables from Deserve, Inc., $3,913,181.28 in undeployed loan proceeds was transferred from GRAC's account at Evolve Bank back to Banzai (the "Transfer"). The Trustee seeks to avoid and recover the Transfer from Banzai and asserts a breach of fiduciary duty claim against Neugebauer.

The Trustee served his First Set of Discovery on each Defendant on July 17, 2026, and Defendants served their objections and responses on August 17, 2026. Mot. ¶ 6. The Motion followed on October 8, 2026.

On October 28, 2026, Defendants made a production of 2,002 documents, totaling

34,000 pages and Bates-numbered NEUG_BANZAI_000017 through NEUG_BANZAI_034016 (the "Production"). Exhibit A, Cover Email. Generally, the Production includes documents related to the $5 million Transfer, the formation and business operations of GRAC, GRAC's agreements with the Debtor concerning credit card receivables, the Note between GRAC and Banzai, the GRAC Deposit Account Control Agreement, the UCC-1, and the credit card program of the Debtor. These documents are generally responsive to Banzai Requests for Production Nos. 8–25 and constitute the core of the relevant documents in this case.

Contemporaneously with the Production, Defendants served amended written responses (the "Amended Responses") and a privilege log (the "Privilege Log"). Exhibit A, Cover Email; Exhibit B, Amended Responses; Exhibit C, Privilege Log. Among other things, the Amended Responses confirm that Defendants have produced the relevant, non-privileged documents located in response to Banzai RFP Nos. 1, 8–25, 30–32, and 36–43 and Neugebauer RFP Nos. 1–5, 8–13, 15–25, 29–32, and 38–46, and state that, after a reasonable inquiry and diligent search, no relevant, non-privileged responsive documents were located in response to Banzai RFP Nos. 2–7, 26–29, 33–34, and 44–46 and Neugebauer RFP Nos. 6–7, 33, 36, and 48–49. Discovery does not close until November 18, 2026.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1);

*see* FED. R. BANKR. P. 7026. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." FED. R. EVID. 401. Factors to consider in determining whether the requested discovery is proportional to a given case include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Notably, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). And where the "request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." *Kleppinger v. Texas Dep't of Transp.*, No. CV L-10-124, 2012 WL 12893652, at *2 (S.D. Tex. Mar. 12, 2012).

**B. Defendants Have Produced Responsive, Non-Privileged Documents; There Is Nothing Left to Compel.**

The Motion requests an order "compelling Defendants to produce all responsive, non-privileged documents within their possession, custody, or control." Mot. at 8. Its stated premise is that Defendants had "not produced a single document." *Id.* ¶¶ 1, 14. That premise no longer exists. Defendants have now produced 2,002 documents, totaling 34,000 pages, covering every core subject in this case—the loan, the Note, GRAC, the DACA, the UCC-1, the Transfer, and the Debtor's credit card program—have served a Privilege Log identifying documents withheld on the basis of privilege, and have served Amended Responses that

identify what has been produced. Defendants have committed to, and will, supplement as required by Rule 26(e).

The Trustee also cannot use this Motion as a vehicle to challenge Defendants' written responses. The Motion expressly disclaims that relief: the Trustee "does not move to compel amended Responses at this time." Mot. at 6 n.2. Regardless, Defendants served amended responses with their supplemental production to clarify which categories of requests where either (a) all responsive documents in Defendants' possession, custody, or control have been produced, or (b) there are no responsive documents in Defendants' possession, custody, or control. To the extent that the Trustee disagrees upon reviewing that production, Defendants will happily confer and seek to resolve those concerns.

**C. The Rules Do Not Require Defendants to Adopt the Trustee's Search Protocol.**

That said, the Motion does not raise any deficiency in what Defendants have produced. Rather, the Motion is an attack on Defendants for declining to agree to the Trustee's preferred search terms—in particular, an unrestricted "GRAC" term. Mot. ¶¶ 3, 11–13. That is not a basis to compel anything.

Nothing in Rule 26 or Rule 34 obligates a responding party to agree to its opponent's search terms. The responding party's obligation is to conduct a reasonable search and produce relevant, responsive, non-privileged documents. *Veroblue Farms United States, Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (explaining it is generally not the court's role to dictate how a party searches for relevant information absent a showing that the party has abdicated its responsibility and that the responding party is best situated to preserve, search, and produce its own electronically stored information, without direction from the court or opposing

counsel, unless a specific deficiency is shown in its production). Defendants did exactly that: they proposed targeted terms designed to capture the documents that matter, negotiated with the Trustee in good faith, and then reviewed and produced responsive documents.

The Trustee's own brief confirms the point. According to the Trustee, "[a]n agreed search protocol is . . . a tool in service of the production obligation, not a substitute for, or a precondition to, it," and "[a]greeing to run terms does not alter the scope of discovery." Mot. ¶ 20. Defendants agree. But if an agreed protocol is not a precondition to production, then Defendants' failure to agree to the Trustee's protocol cannot be a discovery violation. Defendants' obligation runs to producing responsive documents, and they have.

In short, the Trustee has not identified a single category of relevant documents that Defendants have refused to produce on the requests at issue in the Motion. The Court should decline the invitation to referee a search-term dispute untethered to any actual deficiency in production.

**D. The Court Should Sustain Defendants' Objections to the Remaining Requests.**

Defendants stand on their objections to three narrow groups of requests. Each reaches well beyond the claims and defenses in this case.

**1. Banzai's Unrelated Finances, Business, and Bank Records (Banzai RFP Nos. 2–7; Neugebauer RFP No. 6).**

Banzai RFP Nos. 2–7 seek, among other things, all documents regarding Banzai's formation, ownership, capitalization, and management; all of Banzai's financial statements, general ledgers, and accounting records from January 1, 2021 to the present; all of Banzai's tax returns for 2021 through 2025; documents identifying every bank account Banzai has maintained since January 1, 2022; all documents regarding every loan Banzai has made to

anyone since January 1, 2018; and all documents regarding the source of the $5 million Banzai loaned to GRAC. Exhibit B, Banzai Am. Resp. to RFP Nos. 2–7. Neugebauer RFP No. 6 makes a similar demand as to GRAC, seeking documents sufficient to identify every bank account maintained by or for GRAC, its authorized signatories, and the persons with authority to direct transfers from each account. *Id.*, Neugebauer Am. Resp. to RFP No. 6.

These requests are overbroad on their face. This case concerns one loan to GRAC and one repayment from GRAC. Banzai's entire financial history, its tax returns, every bank account it has opened, and every unrelated loan it has made in the past eight years have no "tendency to make a fact more or less probable" that is "of consequence" to whether the Transfer is avoidable. FED. R. EVID. 401. Where the money Banzai loaned came from is equally beside the point—the Trustee does not contend that the source of the loan funds bears on avoidance or recovery of the Transfer. Because these requests are overbroad on their face, the Trustee bears the burden of showing their relevance. *Kleppinger*, 2012 WL 12893652, at *2. The Motion does not attempt to carry that burden; it does not address these requests at all.

**2. Post-Transfer Disposition of Funds (Banzai RFP Nos. 26–29; Neugebauer RFP Nos. 26–28).**

These requests seek all account statements for every account into which any portion of the Transfer was deposited, from December 2022 to the present; every document regarding the "disposition, use, investment, or transfer" of the Transfer proceeds from December 2022 to the present; every distribution, salary, fee, or payment of any kind from Banzai to Neugebauer or his wife from the Transfer Date to the present; and transfers to any so-called "Banzai Affiliate." Exhibit B, Banzai Am. Resp. to RFP Nos. 26–29; Neugebauer Resp. to RFP Nos. 26–28.

What happened to the money after it reached Banzai is irrelevant to any claim or defense. The Trustee seeks to avoid the Transfer and to recover it by money judgment against Banzai as the initial transferee. Compl. ¶¶ 37–39. Banzai has already admitted that it received $3,913,181.28 from the GRAC account on December 6, 2022, that it was the initial transferee, and that it has not returned any portion of the Transfer. Exhibit B, Banzai Resp. to RFA Nos. 1–3. The Trustee asserts no claim against any subsequent transferee, and the only claim against Neugebauer is for breach of fiduciary duty, which turns on his conduct before and at the time of the Transfer. Compl. ¶¶ 51–54.

Four years of Defendants' and their family's banking and distribution records are, at most, post-judgment discovery. They are not relevant to liability, and the intrusion into confidential personal financial information is wholly disproportionate to any conceivable benefit. FED. R. CIV. P. 26(b)(1).

**3. The "Banzai Affiliates" (Banzai RFP Nos. 29, 33, 34; Neugebauer RFP Nos. 34, 35, 37).**

These requests seek organizational charts, ownership records, and other documents regarding entities the Trustee has defined as "Banzai Affiliates," along with any role or economic interest of Charlie Hamilton or Bryan Joiner in those entities dating back to January 1, 2018. Exhibit B, Banzai Am. Resp. to RFP Nos. 29, 33–34; Neugebauer Resp. to RFP Nos. 34–35, 37. Trustee defined "Banzai Affiliates" as "Banzai Capital Group, LLC; Banzai Capital Partners, LLC; Banzai Capital Management, LLC; Banzai Funding Group, LLC; Dorado Capital Partners; Neugebauer Family Enterprises, LLC; WPI Collateral Management, LLC; and any other entity (other than Banzai) that is or was owned or controlled, in whole or in part, directly or indirectly, by Toby or Melissa, together with each such entity's Representatives

(as defined herein)." Mot. at App.008. Trustee's definition that sweeps in entities that are not affiliates of Banzai at all. The Trustee's claims do not involve any of these entities. None was a party to the Note, a recipient of the Transfer, or a defendant in this case.

After a reasonable inquiry and diligent search, Defendants have not located relevant, non-privileged documents responsive to these requests, including as to any role or economic interest of Hamilton or Joiner in Banzai and organizational documents concerning Banzai itself. Exhibit B, Banzai Am. Resp. to RFP Nos. 33–34; Neugebauer Resp. to RFP Nos. 34–35, 37. The Trustee has not explained why a decade of corporate records for unrelated entities has any bearing on the Transfer.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (1) deny the Motion as moot as to the requests addressed by Defendants' October 28, 2026 Production and Amended Responses; (2) sustain Defendants' objections to Banzai RFP Nos. 2–7, 26–29, 33, and 34 and Neugebauer RFP Nos. 6, 26–28, 34, 35, and 37; and (3) grant Defendants all other relief to which they may be justly entitled.

Dated: October 29, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Austen Irrobali
Texas Bar No. 24092564
airrobali@tillotsonlaw.com
Sara K. Babineaux
Texas Bar No. 24125102
sbabineaux@tillotsonlaw.com
TILLOTSON PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on October 29, 2026, a true and correct copy of the foregoing was served in accordance with the applicable Rules on counsel for the Trustee via the Court's CM/ECF system.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson